UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK (BROOKLYN)

UNITED STATES OF AMERICA,

                Plaintiff,

v.

SIYANG CHAN, BO JIANG, ZERONG TANG, and RONG RONG XU, also known as Eleanor,

                Defendants.

Case No. 1:22-cr-00158-ENV-1, 4, 6, and 7

Brooklyn, New York
April 12, 2022
4:16 p.m.

TRANSCRIPT OF INITIAL APPEARANCE AND ARRAIGNMENT HEARING
BEFORE THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Matthew R. Galeotti, Esq.<br>Sophia Suarez, Esq.<br>Kayla C. Bensing, Esq.<br>U.S. Attorney's Office<br>271 Cadman Plaza East<br>Brooklyn, NY 11201 |
| For the Defendant:<br>(Siyang Chen) | Sean Maher, Esq.<br>The Law Offices of Sean M. Maher, PLLC<br>2796 Sedgwick Avenue, Suite C1<br>Bronx, NY 10279 |
| For the Defendant:<br>(Bo Jiang) | Ezra Spilke, Esq.<br>Law Offices of Ezra Spilke, PLLC<br>1825 Foster Avenue<br>Suite 1k<br>Brooklyn, NY 11230-1834 |
| For the Defendant:<br>(Zerong Tang) | Natali J.H. Todd, Esq.<br>Law Offices of Natali J.H. Todd, P.C.<br>26 Court St.<br>Suite 413<br>Brooklyn, NY 11242 |

| For the Defendant: | Murray E. Singer, Esq. |
|---|---|
| (Rong Rong Xu) | 14 Vanderventer Avenue |
| | Suite 147 |
| | Port Washington, NY 11050 |
| Also Appearing: | Nancy Wu |
| | Mandarin Interpreter |
| Clerk: | Jennifer Tavarez |
| Court Recorder: | Electronic Sound Recording |
| Transcription Service: | Chris Hwang |
| | Abba Reporting |
| | PO Box 223282 |
| | Chantilly, Virginia  20153 |
| | (518) 302-6772 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

(Call to order at 4:16 p.m.)

THE CLERK:  Cause for arraignment, case number 22-cr-158, United States v. Siyang Chen, Bo Jiang, Zerong Tang, and Rong Rong Xu.

Counsel, starting with the Government, please state your appearances?

MR. GALEOTTI:  Good afternoon, Your Honor, for the Government, Matthew Galeotti and AUSAs Kayla Bensing and Sophia Suarez.

THE COURT:  And for Siyang Chen, we have?

MR. MAHER:  Good afternoon, Your Honor.  Sean Maher for Mr. Chen.

THE COURT:  Welcome.

MR. SPILKE:  Good afternoon, Your Honor, Ezra Spilke for Bo Jiang.

THE COURT:  Welcome.

MS. TODD:  Good afternoon, Your Honor, Natali Todd for Zerong Tang.

THE COURT:  I'm sorry, where is Natali Todd?  Thank you.

MR. SINGER:  My turn?

THE COURT:  And for Rong Rong Xu?

MR. SINGER:  Yes, for Rong Rong Xu, Murray Singer. Good afternoon, Your Honor.

THE COURT:  Good afternoon.  Addressing the four

Defendant -- oh, we have -- we have a series of interpreters.

THE CLERK:  We have Mandarin interpreter Nancy Wu. Previously sworn?

THE INTERPRETER:  Yes.

THE COURT:  Is it just one?

THE CLERK:  Yes, she's interpreting for --

THE COURT:  For all of them?

THE CLERK:  Yes.

THE INTERPRETER:  Yes, Your Honor.

THE COURT:  All right, addressing the four Defendants, the purpose of this proceeding is to make sure you understand what crimes you're charged with, to make sure you understand you have a right to be represented by an attorney, and to address the question of whether you should be released on bail or held in jail.

You're not required to make a statement about the offenses.  Even if you've already made a statement, you don't have to make any further statement

If you start to make a statement, you can stop at any time.  Any statement that you do make, other than one that you make privately to your attorney, can be used against you.

Do you understand that, Siyang Chen?

MR. CHEN (through interpreter):  Yes, Your Honor.

THE COURT:  Do you understand that, Bo Jiang?

MR. JIANG (through interpreter):  Yes.

THE COURT:  Do you understand that, Zerong Tang?

MR. TANG:  Yes.

THE COURT:  Do you understand that, Rong Rong Xu?

MS. XU:  Yes, Your Honor.

THE COURT:  You're here today because a grand jury has returned an indictment against the four of you and a number of other Defendants.

The indictment contains 20 separate counts or charges, along with criminal forfeiture allegations.  I'm going to -- have you each had an opportunity to see the complaint and discussed it with your attorney with the assistance of an interpreter if you need an interpreter?

Siyang Chen?

MR. CHEN:  Yes, Your Honor.

MR. MAHER:  And just to clarify, Your Honor, it is an indictment.

THE COURT:  Did I say --

MR. MAHER:  You said complaint, but just to be clear.

THE COURT:  I misspoke.  It's an indictment --

MR. MAHER:  Thank you.

THE COURT:  -- returned by a grand jury.

Bo Jiang, have you had an opportunity to review the indictment with your attorney and if need be with the assistance of an interpreter?

MR. JIANG:  Yes.

THE COURT:  Zerong Tang, have you had an opportunity to review the indictment with your attorney and if need be with the assistance of an interpreter?

MR. TANG:  Yes.

THE COURT:  And Rong Rong Xu, have you had the opportunity to review the indictment with your attorney with the assistance of an interpreter if needed?

MS. XU:  Yes, Honor (sic).

THE COURT:  I'm briefly going to list for each of you the charges in which you are named.

Siyang Chen, you're charged in one count of racketeering conspiracy, one count of sex trafficking conspiracy, one count of interstate prostitution conspiracy, one count of money laundering conspiracy, one count of interstate prostitution, one count of Hobbs Act robbery conspiracy, one count of the distribution of the proceeds of a prostitution business, and one count of assault with a dangerous weapon in aid of racketeering.

Do you understand that those are the charges against you?

MR. CHEN:  Yes, Your Honor.

THE COURT:  Bo Jiang, I'm now going to review with you what you are charged with.  You're charged with one count of racketeering conspiracy, one count of sex trafficking conspiracy, one count of interstate prostitution conspiracy,

one count of money laundering conspiracy, one count of Hobbs Act robbery conspiracy, one count of distribution of the proceeds of a prostitution business, three counts of assault with a dangerous weapon in aid of racketeering, three counts of assault with a dangerous weapon resulting in serious bodily injury in aid of racketeering, and one count of access device fraud.

Do you understand that those are the charges against you?

MR. JIANG:  Yes.

THE COURT:  Zerong Tang, you are charged with one count of interstate prostitution conspiracy, one count of money laundering conspiracy, and one count of distributing the proceeds of a prostitution business.  Do you understand that those are the charges against you?

MR. TANG:  I do understand.

THE COURT:  And lastly, Rong Rong Xu, you are charged with one count of racketeering conspiracy, one count of sex trafficking conspiracy, one count of interstate prostitution, conspiracy, one count of money laundering conspiracy, one count of distributing the proceeds of a prostitution business, two counts of interstate prostitution, one count of Hobbs Act robbery conspiracy, six counts of assault with a dangerous weapon in aid of racketeering, three counts of assault with a dangerous weapon resulting in serious bodily injury in aid of

racketeering, and one count of access device fraud.

Do you understand that those are the charges against you?

MS. XU:  Yes, Your Honor.

THE COURT:  Addressing the four Defense attorneys, Mr. Maher, have you reviewed the indictment with your client?

MR. MAHER:  Yes.

THE COURT:  Do you have any concern about whether or not he understands the nature of the charges against him?

MR. MAHER:  No.

THE COURT:  Have you advised him of his rights?

MR. MAHER:  Yes.

THE COURT:  Do you wish me to read the indictment aloud?

MR. MAHER:  No.

THE COURT:  Is he prepared to plead at this time?

MR. MAHER:  Yes.

THE COURT:  And what is his plea?

MR. MAHER:  Not guilty.

THE COURT:  A not guilty plea will be entered on behalf of Siyang Chen.

Turning now to Mr. Spilke, have you reviewed the indictment with your client, Bo Jiang?

MR. SPILKE:  Yes, Your Honor.

THE COURT:  Have you advised him of his rights?

MR. SPILKE:  Yes.

THE COURT:  Do you have any concern about whether or not he understands the nature of the charges against him?

MR. SPILKE:  No, Your Honor.

THE COURT:  Does he wish me to read the indictment aloud?

MR. SPILKE:  No.

THE COURT:  Is he prepared to plead at this time?

MR. SPILKE:  Yes, Your Honor.

THE COURT:  What is his plea?

MR. SPILKE:  Not guilty.

THE COURT:  A not guilty plea will be entered on behalf of Mr. Jiang.

Ms. Todd, you have reviewed the indictment with Mr. Tang, your client?

MS. TODD:  I have, Your Honor.

THE COURT:  Have you advised him of his rights?

MS. TODD:  I have.

THE COURT:  Do you have any concern about whether or not he understands the nature of the charges against him?

MS. TODD:  No, Your Honor.

THE COURT:  Does he wish me to read the indictment aloud?

MS. TODD:  He does not.

THE COURT:  Is he prepared to plead at this time?

MS. TODD:  He's prepared to enter a plea of not guilty.

THE COURT:  Not guilty plea will be entered on behalf of Mr. Tang.

And Mr. Singer, have you reviewed the indictment with your client Rong Rong Xu?

MR. SINGER:  Yes, I have.

THE COURT:  Have you advised her of her rights?

MR. SINGER:  Yes, I have.

THE COURT:  I'm going to ask you to keep your voice up, please.  Do you have any concern about whether or not she understands the nature of the charges against her?

MR. SINGER:  No.

THE COURT:  Does she wish me to read the indictment aloud?

MR. SINGER:  No.

THE COURT:  Is she prepared to plead?

MR. SINGER:  Judge, she would enter a plea of not guilty.

THE COURT:  A not guilty plea will be entered on her behalf.

Now all four of the attorneys are appointed counsel. I have -- I'm appointing counsel for purposes of these proceeding and going forward, unless and until a retained attorney makes an appearance or an issue is raised about the

ability of any of the Defendants to be able to afford counsel.

It may well be that some can afford to retain counsel.  And in that event, the Defendant may be required to reimburse the United States Treasury for the services of the CJA attorney.

But for now, I am going to appoint counsel for each of the four Defendants.

Mr. Chen, I've -- I'm appointing Mr. Maher to represent you as your attorney in today's proceeding and in future proceedings subject to the explanation that I just gave you.  Do you understand that?

MR. CHEN:  Yes, Your Honor.

THE COURT:  And Mr. Jiang, I'm appointing Mr. Spilke to represent you as your attorney in today's proceeding and in future proceedings relating to these charges subject to the conditions that I've noted earlier.  Do you understand that?

MR. JIANG:  Yes.

THE COURT:  Mr. Tang, I'm appointing Ms. Todd to represent you as your attorney in today's proceeding and in future proceedings relating to these charges subject to the explanation that I gave a minute or two ago.  Do you understand that?

MR. TANG:  Yes.

THE COURT:  And Ms. Xu, I'm appointing Mr. Singer to represent you as your attorney in today's proceeding.  I'm told

you may be retaining your own attorney.

If you do not retain counsel, Mr. Singer will continue to represent you, but again, that's subject to what I said earlier.

If you can afford counsel and if the Court determines that you can afford counsel, you may be required to reimburse the United States Treasury for Mr. Singer's services. Do you understand that?

MS. XU: Yes, Your Honor.

THE COURT: I understand the Government has docketed and served a motion for detention as to all Defendants in this case.

I understand that at this point in time, none of the Defendants has a bail package to present. Is that correct, Mr. Maher concerning Mr. Chen at this point in time you don't have a bail package to present?

MR. MAHER: That is correct. At this point, we do consent to detention without prejudice for any future applications.

THE COURT: I'll enter -- in light of the showing made by the Government and in the absence of any bail package, I'll enter a permanent order of detention without prejudice to any future bail application.

MR. MAHER: Thank you.

THE COURT: Mr. Spilke, I understand that Mr. Jiang

does not have a bail package to present at this time; is that correct?

MR. SPILKE:  That's correct, Your Honor.  We have no bail package at this time.

THE COURT:  For the same reason that I explained with respect to Siyang Chen, I'll enter a permanent order of detention without prejudice to any future bail application.

Ms. (sic) Singer, do I understand correctly that Mr. Jiang does not have a bail package to present at this time; is that correct?

MR. JIANG:  Yes.

MR. SINGER:  I'm sorry, Judge?

THE COURT:  Ms. Todd?

MS. TODD:  That is correct, Your Honor.  I apologize.  We consent to detention without prejudice to make a bail application in the future.

THE COURT:  Same ruling with respect to Mr. Tang.

And lastly, Mr. Singer, do you have a bail package to present at this time as to Ms. Xu?

MR. SINGER:  No, we do not, Your Honor.  We would consent to an order of detention without prejudice.

THE COURT:  Same ruling with respect to Ms. Xu.  So permanent orders of detention without prejudice will be entered with respect to each of these four Defendants.

I understand the case has been assigned to Judge

Donnelly.  And I believe she set a date for a status conference.  Is that correct?

MR. GALEOTTI:  Your Honor, thank you, Your Honor. Your Honor, the case will be before Judge Vitaliano is the Government's understanding.  And the status conference is currently set for April 20th at 12:30 p.m.

THE COURT:  Since the Defendants are to be detained, is there any request for any medical memo for any of the Defendants?

Mr. Singer?

MR. SINGER:  Your Honor, could I step out with the Government privately?

THE COURT:  I did read the Pre-Trial Services Report. Is that what you want to discuss?

MR. SINGER:  You understand the area of my concern?

THE COURT:  Why don't counsel approach?

(Counsel confer)

THE COURT:  Any other health issues that the MDC should be alerted to?

MR. MAHER:  Yes, Your Honor for Mr. Chen, he does require an asthma inhaler.  He has one now he'll bring with him, but I understand that they will have to change that out so just so they're on alert that he's going to need his inhaler for daily use.

THE COURT:  We'll do a medical memo for him and for

Ms. Xu.

MR. MAHER:  Thank you.

THE COURT:  Anyone else?

MR. SINGER:  Ms. Xu does indicate that she needs medication for allergies.

THE COURT:  All right, we'll add that to hers.  Is that seasonal allergies, food allergies?

MR. SINGER:  Seasonal.

THE COURT:  Anything else for any of the other Defendants?

MS. TODD:  No, Your Honor, thank you.

MR. SPILKE:  Not for Mr. Jiang, Your Honor.

THE COURT:  I direct the Prosecution to comply with its obligation under Brady v. Maryland and its progeny to disclose to the Defense all information, whether admissible or not, that is favorable to the Defendant, that is material either to guilt or to punishment and known to the Prosecution.

Possible consequences for noncompliance may include dismissal of individual charges for the entire case, exclusion of evidence, and professional discipline or court sanctions on the attorneys responsible.

I'll be entering written order more fully describing this obligation and the possible consequences of failing to meet it.  And I direct the Prosecution to review and comply with that order.

Does the Government confirm that it understands its obligations and will fulfill them?

MR. GALEOTTI:  We do and we will, Your Honor.

THE COURT:  Is there anything else that we need to address?

MR. GALEOTTI:  Yes, Your Honor, briefly.  For the Government, we note for the record that all victims have been alerted pursuant to the Crime Victims Rights Act.

And we note for the Court that some victims may be present on the line.  And we thank the Court's staff for arranging the interpretation to be made available to those individuals.

THE COURT:  Anything else?

MR. GALEOTTI:  Yes, Your Honor.  The Government has made consular notification with respect to the Defendants where appropriate.

THE COURT:  All right, if there's nothing else, we will conclude this proceeding.

MR. GALEOTTI:  Your Honor, one more brief item.  The parties have submitted to Your Honor a proposed order of excludable delay, which in addition includes a proposal that the case be declared complex.

The reasons for that are the amount of discovery and the complex nature of it.  And so, the parties have submitted that to the Court as well.

THE COURT:  Mr. Maher, have you talked with your client about whether or not he's prepared to agree to this order of excludable delay?

MR. MAHER:  Yes, I have.

THE COURT:  And do you believe it's in his interest to agree to this exclusion?

MR. MAHER:  Yes.

THE COURT:  Mr. Chen, did you talk with your attorney about excluding time under the Speedy Trial Act?

MR. CHEN:  Yes, Your Honor.

THE COURT:  And do you consent?

MR. CHEN:  Yes, Your Honor.

THE COURT:  And is that your signature on the Defendant's signature line relating to you?  Did you sign the document?

MR. CHEN:  Yes, Your Honor.

THE COURT:  Turning to Mr. Jiang, I have your proposed order before me.  Did you discuss this matter with your attorney?

MR. JIANG:  Yes.

THE COURT:  And did you sign the document?

MR. JIANG:  Yes.

THE COURT:  And you consent to exclude time?

MR. JIANG:  Yes.

THE COURT:  Mr. Spilke, you discussed this matter

with Mr. Jiang?

MR. SPILKE:  Yes, Your Honor.

THE COURT:  And you believe it's in his interest to agree to this exclusion?

MR. SPILKE:  Yes, Your Honor.

THE COURT:  Ms. Todd, have you discussed this -- the matter of excluding time with Mr. Tang?

MS. TODD:  Yes, Your Honor.

THE COURT:  And do you believe it's in his interest to agree to the exclusion?

MS. TODD:  Yes, Your Honor.

THE COURT:  Mr. Tang, is that your signature on the order relating to you?

MR. TANG:  Yes.

THE COURT:  Have you discussed this with your attorney?

MR. TANG:  Yes.

THE COURT:  And do you consent to the exclusion?

THE DEFENDANT:  Yes.

THE COURT:  And Mr. Singer, have you discussed excluding time with Mr. Xu -- Ms. Xu?

MR. SINGER:  Yes, I have.

THE COURT:  Do you believe it's in her interest to agree to this exclusion?

MR. SINGER:  Yes.

THE COURT:  Ms. Xu, I have the -- your proposed order before me.  Is that your signature on the Defendant's signature line?

MS. XU:  Yes, Your Honor.

THE COURT:  Have you discussed this with Mr. Singer?

MS. XU:  Yes, Your Honor.

THE COURT:  And do you consent to the exclusion?

MS. XU:  Yes, Your Honor.

THE COURT:  I want to make sure that all four Defendants understand what it is they're consenting to.  Under the Constitution and laws of the United States, a Defendant in a criminal trial is in -- in a criminal case is entitled to a speedy trial.

Specifically, by statute, the trial must begin within 70 days of the Defendant's arrest with certain periods of time excluded from that 70-day calculation.

If trial does not begin within that 70-day period, that could form the basis for a motion to dismiss the charges. By agreeing to exclude the time from today through April 20th, from that 70-day period, you in effect are agreeing that the speedy trial clock will not start to run until after April 20th.

That means if I approve this order and you later make a motion to dismiss the charges on the grounds that you have not been brought to trial within 70 days, you would not be

permitted to take into account in your calculation the period of time from today through April 20th.

Do you understand that, Mr. Chen?

MR. CHEN: Yes, Your Honor.

THE COURT: Do you understand that, Mr. Jiang?

MR. JIANG: Yes.

THE COURT: Do you understand that, Mr. Tang?

MR. TANG: Yes.

THE COURT: Do you understand that, Ms. Xu?

MS. XU: Yes, Your Honor.

THE COURT: I'm told that the reason that you've agreed to this is to -- because it's a complex case and your lawyers need additional time to prepare for trial and also to be able to engage in plea discussions.

You should understand that if you choose to plead not guilty, as you have an absolute right to do, and you choose to go to trial, that by agreeing to this exclusion, you likely to some extent will -- may be delaying the trial in your case.

And it could mean that you would end up spending additional time in custody awaiting trial. Do you understand that, Mr. Chen?

MR. CHEN: Yes, Your Honor.

THE COURT: Do you understand that, Mr. Jiang?

MR. JIANG: Yes.

THE COURT: Do you understand that, Mr. Tang?

MR. TANG:  Yes.

THE COURT:  Do you understand that, Ms. Xu?

MS. XU:  Yes, Your Honor.

THE COURT:  And understanding what I've said, are you still -- do you still want me to approve the order of excludable delay?

Mr. Chen?

MR. CHEN:  Yes, Your Honor.

THE COURT:  Mr. Jiang?

MR. JIANG:  Yes.

THE COURT:  Mr. Tang?

MR. TANG:  Yes.

THE COURT:  Ms. Xu?

MS. XU:  Yes, Your Honor.

THE COURT:  Are you making this decision voluntarily and of your own free will.

Mr. Chen?

MR. CHEN:  Yes, Your Honor.

THE COURT:  Mr. Jiang?

MR. JIANG:  Yes.

THE COURT:  Mr. Tang?

MR. TANG:  Yes.

THE COURT:  Ms. Xu?

MS. XU:  Yes, Your Honor.

THE COURT:  Has anyone made any promises or threats

to get you to agree to this order of excludable delay?

Mr. Chen?

MR. CHEN:  No, Your Honor.

THE COURT:  Mr. Jiang?

MR. JIANG:  No.

THE COURT:  Mr. Tang?

MR. TANG:  No.

THE COURT:  Ms. Xu?

MS. XU:  No, Your Honor.

THE COURT:  I find that the consent of each of these Defendants is knowing, intelligent, and voluntary and that approving each of these orders serves the ends of justice.

Therefore all four of them are approved.  Is there anything further?  All right, hearing nothing, the -- this proceeding concludes.  Everyone, please take care and stay safe.

ATTORNEYS:  Thank you, Your Honor.

THE CLERK:  Thank you, everyone.

(Proceedings concluded at 4:47 p.m.)

**CERTIFICATE**

I, Chris Hwang, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____          <u>June 7, 2022</u>
Chris Hwang                     Date
Court Reporter