# EPSTEIN SACKS PLLC
## ATTORNEYS AT LAW
### 100 LAFAYETTE STREET - SUITE 502
### NEW YORK, N.Y. 10013
### (212) 684-1230
### Fax (212) 571-5507

BENNETT M. EPSTEIN: (917) 653-7116
SARAH M. SACKS: (917) 566-6196

September 26, 2023

Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Filed by ECF

<u>United States v. Yichu Chen</u>
22 Cr. 158 (ENV)

Dear Judge Vitaliano:

     We represent Yichu Chen pursuant to the Criminal Justice Act.  We write to ask the Court for a brief hearing on the status of our client's bond conditions following our larger case status conference tomorrow at 1230PM.

     To provide Your Honor with a brief procedural history, last week we asked the Court for a bail hearing and the matter was referred to Magistrate Judge Pollack, who was on duty.  On Thursday, September 21, 2023, Magistrate Judge Pollack heard full argument and interviewed five potential co-signers who had come to court.  She set a bail package with a number of conditions, including home incarceration (which she suggested the defense could seek to change once our client was able to establish himself), and a $200,000 personal recognizance bond signed by the five co-signers Judge Pollack interviewed plus an additional co-signer whom the defense offered who had not been able to come to court.  She ordered our client's release that day and allowed us until the following week to obtain the signature of the additional co-signer.  The Government asked Magistrate Judge Pollack to stay her order until 5PM so that they could decide whether to seek an appeal, and she granted that request.

     Later that afternoon, the Government filed an appeal, and the matter was sent to Judge Komitee, who was on Miscellaneous Duty.  He scheduled a hearing for 330PM on Friday September 22, 2023.  At that hearing, after reviewing the transcript before Judge Pollack and hearing argument, Judge Komitee said that he was inclined to affirm Judge Pollack's bail ruling,

but he wanted to know if any of the suretors had property that they would be willing to post. He adjourned the hearing to be continued Tuesday morning at 10AM and in the meantime our client remained detained.

At today's hearing, Judge Komitee issued an amended bond, which removed one of the original co-signers who no longer wanted to be a suretor and included two new co-signers (making it six in total), plus pledges of the cars of two suretors (including one of my client's high school teachers who had signed the original bond as a suretor and one belonging to a new proposed suretor) as offered by the defense. The conditions set by Magistrate Judge Pollack otherwise remained the same. Judge Komitee swore one of the new co-signers who was able to come to court today to the bond, and he then ordered that our client be released and set deadlines for us to meet the remaining conditions. Specifically, he ordered the two co-signers posting their cars to sign the bond by noon tomorrow (including the high school teacher who had already signed the original bond) and gave us until close of business on Monday to obtain paperwork perfecting the security interest in the cars. Earlier this afternoon our client's high school teacher appeared by phone before Magistrate Judge Robert Levy and she has signed the amended bond. My client has been released, fitted with the electronic monitoring device, and will appear in Court tomorrow under his own steam.

At this time, for reasons we are prepared to explain further in Court tomorrow, we need and will respectfully seek additional time to meet the deadlines set by Judge Komitee that amended Magistrate Judge Pollack's conditions, or in the alternative for an amendment of the bail order, as the Court may deem just and proper.

Respectfully submitted,

*Sarah M. Sacks*