

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

MRG/KCB/SMS/GN  *271 Cadman Plaza East*
F. #2021R00498  *Brooklyn, New York 11201*

September 27, 2023

<u>By Mail and ECF</u>

Sarah Sacks, Esq., *Attorney for Yichu Chen*
Lina Li, Esq., *Attorney for Yuan Yuan Chen*
Angelo MacDonald, Esq., *Attorney for Yuan Yuan Chen*
Jin Lee, Esq., *Attorney for Johnnie Kim*

      Re:    United States v. Xu, et al.
                <u>Criminal Docket No. 22-158 (S-1) (ENV)</u>

Dear Counsel:

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery in the above-captioned case.

      The government also requests reciprocal discovery from each defendant.

I.    <u>The Government's Discovery</u>

    A.    <u>Any Statement of a Defendant</u>

      Copies of any video interview or documents associated with any prior statements made by a defendant are being provided to counsel for that defendant, and have been Bates stamped by the defendant's last name.

    B.    <u>The Defendants' Criminal Histories</u>

      Records pertaining to each of the defendant's respective criminal histories are being provided to counsel for each individual defendant, and have been Bates stamped by each defendant's respective name.

    C.    <u>Documents and Tangible Objects</u>

      You may examine any physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D.   Reports of Examinations and Tests

The government will provide you with copies of reports of examinations or tests in this case, if any, as they become available.

E.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion. Without prejudice to noticing additional experts, at present, the government anticipates calling an expert at trial to testify regarding: (1) historical cell site and location data analysis, geospatial mapping and cellular network architecture; and (2) fingerprint analysis.

The identity, qualifications, and bases for the conclusions of any experts will be provided to you when they become available.

F.   Brady Material

The government is not aware of any exculpatory material regarding the defendants. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.   Other Crimes, Wrongs or Acts

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.   The Defendants' Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendants allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in a defendant's possession, custody or control, and that any defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in any defendant's possession, custody or control, and that any defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom any defendant intends to call at trial.

The government also requests that the defendants disclose prior statements of witnesses who will be called by any defendant to testify. See Fed. R. Crim. P. 26.2. In order to

avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendants disclose a written summary of testimony that any defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of any defendant's intention to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom that particular defendant intends to rely in establishing the defense identified in any such notice.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact us.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney

By:     /s/
Matthew R. Galeotti
Kayla C. Bensing
Sophia M. Suarez
Genny Ngai
Assistant U.S. Attorneys
(718) 254-6340/6279/7484/6393

Enclosures
cc:   Clerk of the Court (ENV) (by ECF) (without enclosures)
      Sarah Sacks, Esq. (counsel for defendant Yichu Chen) (with enclosures)
      Lina Li, Esq. (counsel for defendant Yuan Yuan Chen) (with enclosures)
      Angelo MacDonald, Esq. (counsel for defendant Yuan Yuan Chen) (with enclosures)
      Jin Lee, Esq. (counsel for defendant Johnnie Kim) (with enclosures)